UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>BRETT A. LUTON,<br><br>                    Defendant. | No. 2:14-CR-021-RMP-23<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>☒   Motion Granted<br><br>**(ECF No. 594; 595)** |

At the April 15, 2014, hearing on Defendant's Motion for reconsideration of his detention, ECF No. 594, Defendant was in custody and present with counsel counsel Peter S. Schweda.  Assistant U.S. Attorney Jared C. Kimball represented the United States.

The Court has reviewed Defendant's Motion, the Supplemental Pretrial Services Report of April 11, 2014, as well as the initial Pretrial Services Report of March 27, 2014.  Counsel for both parties presented argument, and Pretrial Services Officer Al Barrett addressed the court.

Defendant has one prior felony conviction, over twenty years ago.  The parties dispute whether a weapon was involved in that offense, though RCW 9A.56.200 makes it clear that the offense may be committed without a weapon. Defendant also has a domestic violence offense from approximately fourteen years ago, and a driving offense that is approximately ten years old.  The Defendant has no prior convictions for substance abuse violations.

Defendant is diagnosed with a chronic and progressive medical condition for which he is prescribed daily injections, and which counsel asserts significantly compromises his immune system and vigor.

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION - 1

The Defendant has also provided an address, which has been evaluated by Pretrial Services and appears to include no weapons, illegal substances or persons with criminal records or gang affiliations. Defendant proposes to reside there with the renter of the home, with whom he has a domestic relationship, and their two children. This domestic partner was present in court.

The United States argued that there is strong evidence that Defendant was active in three overlapping conspiracies to acquire and distribute three distinct prohibited drugs.

This Court has taken into account the evidence, testimony and information produced at this hearing concerning the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, his history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to alcohol and drug abuse, criminal history, record concerning appearance at court proceedings, and the nature and seriousness of the danger to the community posed by Defendant's release.

The Court, having considered the proffers of Defendant and Plaintiff, and 18 USC § 3142, finds that conditions of released can be fashioned to reasonably assure the Defendant's future appearance, as well as the safety of the community.

Accordingly Defendant's Motion, **ECF No. 594,** is **GRANTED.** Defendant's Motion to Expedite, **ECF No. 595,** is **GRANTED.**

**IT IS ORDERED** that the release of the Defendant is subject to the following:

### STANDARD CONDITIONS OF RELEASE

**(1)**  Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States

government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

**(2)** Defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

**(3)** Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

**(4)** Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished.

**(5)** Defendant shall not possess a firearm, destructive device or other dangerous weapon.

**(6)** Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**(7)** Defendant shall contact defense counsel at least once a week.

**(8)** Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(9)** Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

**(10)** Surrender any passport to Pretrial Services and shall not apply for a new passport.

## BOND

**(11)** Defendant shall execute a $5,000.00 percentage bond, with $500.00 paid in cash

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION - 3

# ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the Defendant and the safety of other persons and the community:

**IT IS FURTHER ORDERED** that the release of the Defendant is subject to the following additional conditions:

**(12)** Defendant shall remain in the Eastern District of Washington while the case is pending. On a showing of necessity, and with prior notice by the defense to the assigned Assistant U.S. Attorney, the Defendant may obtain prior written permission to temporarily leave this area from the United States Probation Office.

**(13)** Avoid all contact, direct or indirect, with any persons who are or who Defendant would reasonably know may become a victim or potential witness in the subject investigation or prosecution.

**(14)** Avoid all contact, direct or indirect, with known felons or Co-Defendant(s) or gang affiliates or members.

**(15)** Refrain from any use of alcohol.

**(16)** There shall be no firearms in the home where Defendant resides.

**(17) Prohibited Substance Testing: If random urinalysis testing is not done through a treatment program, random urinalysis testing may be conducted at the discretion of Pretrial Services, but shall not exceed six (6) times per month.** Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of prohibited substance testing. Full mutual releases shall be executed to permit communication between the court, Pretrial Services, and any testing agency.

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION - 4

**HOME CONFINEMENT/ELECTRONIC/GPS MONITORING**

**(18)** Defendant shall participate in one or more of the following home confinement program(s):

**Electronic Monitoring**: The Defendant shall participate in a program of electronically monitored home confinement. The Defendant shall wear, at all times, an electronic monitoring device under the supervision of U.S. Probation. In the event the Defendant does not respond to electronic monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

OR

**GPS Monitoring**: The Defendant shall participate in a program of GPS confinement. The Defendant shall wear, at all times, a GPS device under the supervision of U.S. Probation. In the event the Defendant does not respond to GPS monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

**Home detention**: Defendant shall be restricted to his/her residence at all times except for: attorney visits; court appearances; case-related matters; court-ordered obligations; or other activities as pre-approved by the Pretrial Services Office or supervising officer, including but not limited to religious services, medical necessities, substance abuse testing or treatment, or mental health treatment:

**(19)** Defendant shall, prior to his release, provide evidence to the Court the arrest warrant in in Great Falls, Montana, has been resolved and is no longer in effect.

**IT IS FURTHER ORDERED** the United States' oral request to stay Defendant's release pending the United States' prompt determination of whether

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION - 5

review will be sought is **GRANTED**.  The United States shall proceed according to this District's policy, and advise this court and defense counsel court if review will be sought, and/or the time and place of the review hearing.

DATED April 15, 2014.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION - 6