PROB 12C
(7/93)

Report Date:  March 2, 2016

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 02, 2016

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Brett A. Luton          Case Number: 0980 2:14CR00021-RMP-23

Address of Offender: ██████████████████████████

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, U. S. District Judge

Date of Original Sentence: April 1, 2015

| | |
|---|---|
| Original Offense: | Conspiracy to Possess with Intent to Distribute Oxycodone Hydrochloride, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 |

| | | |
|---|---|---|
| Original Sentence: | Prison - 6 months; TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Aine Ahmed | Date Supervision Commenced: October 29, 2015 |
| Defense Attorney: | Federal Defenders Office | Date Supervision Expires: October 28, 2018 |

---

## PETITIONING THE COURT

### To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 7:** The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician: |

**Supporting Evidence**: On February 17, 2016, the undersigned officer, along with the assistance of United States Probation Officer (USPO) Law, attempted to conduct a new home investigation at the request of Mr. Luton, to allow him the ability to transition to a new fixed residence.  Upon arriving at the new proposed residence, Mr. Luton escorted the undersigned officer and USPO Law into the residence.  In plain view located in the living room was what Mr. Luton identified as a "marijuana diffuser", a small marijuana pipe, an amount of marijuana in a plastic bag located on a small table in the living room, and two small containers of "marijuana crumble," a form of marijuana concentrate.

Mr. Luton denied using the product and denied that any of the items in question were his, instead stating that all of the products, as well as the drug itself, belonged to his girlfriend and sponsor who rented the residence.  It should be noted that Mr. Luton was the only person present during the inspection of the residence.  All items were confiscated based on the plain view search, and placed into evidence at U.S. Probation. It should also be noted that the undersigned officer was able to make telephonic contact with the sponsor who did indicate that the aforementioned products were hers.

2    **Mandatory Condition # 4**: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

**Supporting Evidence**: On February 18, 2016, Mr. Luton reported to U.S. Probation, as directed, to further discuss his noncompliance; reference the drug paraphernalia recently located at his residence. Mr. Luton submitted to a urinalysis test as a part of the contact, the results of which were presumptive positive for THC and cocaine. Mr. Luton adamantly denied use, and stated that at no time had he used, or been around others who were using.

The undersigned officer subsequently received notification from Alere Toxicology that the urinalysis sample submitted by Mr. Luton at U.S. Probation on February 18, 2016, was confirmed positive for both cocaine metabolite, and marijuana metabolite.

On February 24, 2016, Mr. Luton reported to Alcohol Drug Education Prevention and Treatment (ADEPT) to participate in urinalysis testing as required, and again submitted a urinalysis sample that was presumptive positive for THC and cocaine. Mr. Luton admitted use, but indicated the positive test was a result of his last use of cocaine on February 16, 2016. According to ADEPT staff, a continued positive urinalysis spanning this time frame is consistent with new use of the substance. The sample provided was later confirmed as positive for cocaine metabolite by Alere Toxicology. It should be noted that Mr. Luton did leave a voice mail for the undersigned officer on February 24, 2016, apologizing for lying to the undersigned officer and admitting to use "the prior weekend." Mr. Luton later confirmed that his last use of cocaine was February 16, 2016.

On February 29, 2016, Mr. Luton again reported to U.S. Probation to address his continued noncompliance. Mr. Luton again admitted use of cocaine on February 16, 2016, but denied any use of marijuana. Mr. Luton instead provided the undersigned officer with an active prescription for Dronabinol (a generic alternative to Marinol), which Mr. Luton indicated had been prescribed to him for leg pain resulting from his multiple sclerosis. Marinol is in the cannabinoid drug class. Mr. Luton indicated he has had the prescription since November 2015, but he only recently got the prescription refilled, as he had not had the money to do so for the previous 6 weeks. It should be noted that the prescription was verified by the undersigned officer both by viewing the bottle, and by reviewing an after visit summary from Providence Health Care in which the prescription is listed as a current medication.

3    **Standard Condition # 6**: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

**Supporting Evidence**: On February 10, 2016, the undersigned officer, along with the assistance of USPO Lerch, attempted a home contact with Mr. Luton at his residence. The undersigned officer was informed by Mr. Luton's sponsor that Mr. Luton had not been staying at the residence for the past few days, and indicated that he believed Mr. Luton was residing with his girlfriend, but he was not sure of the address. Telephonic contact was made with Mr. Luton who admitted to residing with his girlfriend. When later questioned on why he had not provided notification of the change in residence, Mr. Luton indicated he had been under a lot of stress, and simply forgot to do so.

**Prob12C**
**Re: Luton, Brett A.**
**March 2, 2016**
**Page 3**

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    03/02/2016

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

THE COURT ORDERS

[  ]    No Action
[  ]    The Issuance of a Warrant
[X]    The Issuance of a Summons
[  ]    Other

Signature of Judicial Officer

3/2/2016

Date